PER CURIAM.
This as an appeal by the brother and sister of the deceased, Victoria Frank, from an order admitting the decedent’s will to probate. The appellants contend that the trial court erred in its findings that (1) the decedent had the requisite mental capacity to execute the challenged will and (2) the decedent was not subject to undue influence in executing the will.
While there was extensive medical and lay testimony in this case concerning the decedent’s mental state, the evidence was contradictory as to whether she understood the nature and extent of her actions in a general way when she executed the will in February of 1973. After weighing the evidence, the trial court ruled that the decedent was mentally competent at the time that her will was executed. Since these findings are supported by substantial competent evidence, we must affirm. In re Wilmott’s Estate, 66 So.2d 465 (Fla.1953).
Further, the record does not support the appellants’ claim that the will was procured by undue influence. The sole beneficiary was not present when the will was executed; in fact, it does not appear that he had anything whatsoever to do with the execution of the will or that he even knew of its existence. The trial court so found, and it therefore properly ruled that the sole beneficiary had not actively procured the will and that the decedent had not been subjected to undue influence. In re Estate of Carpenter, 253 So.2d 697 (Fla.1971).
The trial court’s order is therefore affirmed.
Affirmed.